UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA JAYNES and KYLE MEANY,<br>Defendants. | Case No. 3:22-cr-85 |

**PROPOSED PROTECTIVE ORDER**

Upon consideration of the United States' Motion for Protective Order (ECF No. 19), and for good cause shown, it is hereby **ORDERED** that the motion is **GRANTED**, and that pursuant to Federal Rule of Criminal Procedure 16(d)(1), the following order shall control the handling of all material produced by the United States in discovery in this case (the "Discovery Production").

The Discovery Production includes voluminous records, some of which contain personal and sensitive information. Specifically, the United States' initial production pursuant to Federal Rule of Criminal Procedure 16 includes approximately 65,000 documents and records, totaling more than 300,000 pages, as well as dozens of audio and video recordings and significant data from electronic devices, such as cell phone and GPS trackers. The discovery includes, among other items: medical records, reports of investigations of incidents involving Louisville Metro Police Department (LMPD) officers, LMPD policy and training documents, emails sent among LMPD officers and other Louisville government employees, personal text messages, and other law enforcement records. Further, the discovery includes written statements by officers, supervisors, civilian witnesses, and crime victims, many of which contain discussion of highly personal and sensitive subjects. The discovery also includes personnel records, including employment applications, transcripts, references, performance evaluations, and internal affairs files.

Due to the volume of this material, as well as its personal and sensitive nature, the United States and the defendants in this case agree to the following restrictions on the use and disclosure of the material:

1. The Government is authorized to disclose to the defendants sensitive information in its possession that the Government believes necessary to comply with its discovery obligations.

2. The Government will provide identical sets of discovery to each defendant in this case and to the defendant in the related case of *United States v. Hankison*, 3:22-cr-84.

3. Counsel for each defendant may share the discovery materials only with the defendant, counsel's support staff, and investigators or experts working with counsel (the "defense team") to the extent necessary to provide a defense in this case.

4. The defendants shall not retain any discovery materials inside any jail or detention facility. A defendant may review discovery materials in his home for the purpose of assisting in the preparation of his defense, but he must return or destroy all copies of the materials at the conclusion of this case. A defendant may not share any discovery materials with any person outside the defense team.

5. Members of the defense team may use the discovery materials to question witnesses to the extent necessary to prepare a defense in this case, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery, unless the discovery is the witnesses' own statements or records.

6. Counsel for each defendant, prior to sharing any discovery materials with any

      member of the defense team, shall give the person receiving the discovery materials a copy of the protective order and inform that person that he or she is subject to its terms.

7. Members of the defense team shall not make any public disclosure of the contents or disseminate the materials to anyone other than members of their own defense team, except that the materials may, subject to the paragraph below, be published as exhibits for any expert witness disclosure, attached to any pleadings filed with the court, or used at trial.

8. Should a party wish to attach any discovery materials to any expert witness disclosures and/or pleadings filed with the court, the party should first notify the other parties of the nature of the information they plan to attach and discuss whether such information should be filed under seal. If the parties determine that the information need not be filed under seal, the filing party must redact any personally identifying information (PII). PII includes social security numbers, birth dates, home addresses, email addresses, and phone numbers. If the parties cannot agree whether the information should be filed under seal, they may seek guidance from the Court.

9. If counsel for a defendant desires to disclose any discovery or make available or communicate the content of such discovery to any other person not described in this Order, or for any purpose other than to prepare a defense in this criminal case, counsel must first advise the Government, and the parties should attempt to reach an informal resolution of or agreement on the matter. If an agreement cannot be reached, counsel for the defendant shall apply to the Court for relief from this

Order.

10. This **ORDER** governs only the Discovery Production made available to the defendants by the Government in this criminal action. This **ORDER** does not limit the defendants' and the defense teams' use of documents that they might already possess prior to receiving discovery or materials they may obtain through other means.

11. Nothing in this **ORDER** will preclude a party from seeking any additional discovery or from conducting any independent investigation.

12. This **ORDER** shall survive the final termination of this case, including any appellate and Section 2255 proceedings. Upon termination of this case, counsel for each defendant shall return all copies of the discovery to the Government.

Entered this ___ day of _____, 2022.

_____
HONORABLE CHARLES R. SIMPSON III
UNITED STATES DISTRICT COURT JUDGE