UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-0085-CRS

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.

JOSHUA JAYNES and                                                                                    DEFENDANTS
KYLE MEANY

## ORDER

On October 24, 2025, the Court held a status conference in this matter. The participants in the conference were (1) Michael Songer, Rob Keenan and Orlando Sonza for the United States; (2) Thomas Clay and Travis Lock for defendant Joshua Jaynes; and (3) Michael Denbow for defendant Kyle Meany. The Court and counsel discussed the status of the case. Defendants and the Government agreed that the parties are engaged in meaningful discussions as to a potential resolution of the remaining charges in this action; that conditions which warranted the previous declaration of this case as complex remain on-going; and that there are many complicated aspects of this case that still require a significant amount of counsel's attention. More particularly, the Court was advised that there are over one million pages of discovery materials. Given these circumstances, all parties agreed that this matter should be set for a status conference in the Spring of 2026. Accordingly, this matter is hereby **SET** for a status conference on **April 21, 2026 at 1:30 p.m. Eastern time**.

As noted above, the Court has previously declared this case complex. *See* DN 22. Based on the October 24, 2025 representations of all parties as to the possible resolution of the remaining charges in this case, the on-going complex nature of this case, the significant volume of discovery, and the resulting need for more preparation time, the Court again **FINDS** that the ends of justice

served by the granting of such a continuance outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). More specifically, the Court finds that this case has multiple defendants; presents nuanced, complicated issues of proof; and given the significant volume of discovery materials, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *Id.;* 18 U.S.C. § 3161(h)(7)(B)(ii). Thus, for the reasons stated in the Court's prior Order (DN 22) and the reasons stated herein, the Court's prior declaration of this case as **complex** (DN 22) remains in effect and this matter remains excluded from the confines of the Speedy Trial Act. *Id.*

The Court **HOLDS** that the parties' request to continue to this matter for a status conference in the Spring of 2026 was not made for the purpose of undue delay, nor has their request been granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7). In the absence of a resolution or resolutions of the outstanding charges in this case, the Court anticipates setting a trial date in this matter following the April 21, 2026 status conference.

Defendants shall remain released from custody under the same terms and conditions of their bonds.

**IT IS SO ORDERED**.

October 28, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:    Counsel of Record
       Court Reporter: April Dowell